# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

COLIBRI CORPORATION,
Plaintiff,

v.

C.A. No. 04-397 ML

MERIT DIAMOND CORPORATION,
Defendant.

## CONFIDENTIALITY ORDER

Whereas discovery of documents, interrogatories, information, and things in this action may require the disclosure of information which a party considers confidential, or in the nature of a trade secret, all parties to the above-captioned action are hereby ordered and bound as follows:

1. All Confidential Information, as hereinafter defined, including Highly Confidential Information, as hereinafter defined, received as a result of any request by a party for discovery in this action, in whatever form, shall be used by such party solely for purposes of the prosecution by such party of its claims and defenses in the above captioned litigation and for no other purpose whatsoever and shall not be used or disclosed to any person or entity other than as provided herein or in any order of court.

2. This Order shall be applicable to all Confidential Information, including Highly Confidential Information, obtained by a party from another party in the course of discovery in this action, including, without limitation, information which is obtained in any deposition, interrogatory response, response to a request for admission, and any document, thing, or premise provided or made available for inspection and/or copying.

3. A person seeking to have information disclosed in discovery treated as Confidential or Highly Confidential Information shall, at the time of disclosure of such information in accordance with the Federal Rules of Civil Procedure, designate such information as either "Confidential" or "Highly Confidential." Such designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to each page of the document, or if the information is not disclosed in documentary form, by affixing such legend in some other manner reasonably calculated to notify the receiving party that the disclosing party deems such information to be of the designated character, or by otherwise notifying the receiving party (for instance, through correspondence, identification in a response to a request for production of documents or by a statement on the record at a deposition) that the information so disclosed is Confidential or Highly Confidential, as the case may be. Any correspondence, legal memoranda, motion papers, pleadings and other written materials which quote or materially reveal the substance of any Confidential or Highly Confidential Information shall also be treated in accordance with the designation by the person preparing such memoranda, papers, pleadings, or materials.

4. (a) Documents or information designated "Confidential" by the disclosing party, unless otherwise ordered upon application to the Court by the receiving party, shall be disclosed only to a the party (by and through such party's authorized agents, officers, shareholders, and other representatives if such party is not a natural person), a party's legal counsel, including without limitation such party's counsel of record in the litigation, a party's or a party's counsels' supporting personnel (including, without limitation, paralegals, legal secretaries, clerks, and stenographers), and any expert or consultant to whom such disclosure is made for purposes of the prosecution or defense of this litigation; provided, however, that each such expert or

consultant shall first have executed an Undertaking of Confidentiality in the form attached hereto as Exhibit A.

(b) Documents or information designated "Highly Confidential" by the disclosing party, unless otherwise ordered upon application to the Court by the receiving party, shall be disclosed only to a party's counsel of record in this litigation, a party's counsel's supporting personnel (including, without limitation, paralegals, legal secretaries, clerks, and stenographers), and any experts or consultants to whom such disclosure is made for purposes of the prosecution or defense of this litigation and who shall have first executed an Undertaking of Confidentiality in the form attached hereto as Exhibit A.

5. The following terms shall have the following definitions when used in this Order.

5.1. The word "document" shall include, without limitation, all original written, recorded or graphic matters and all copies thereof, including nonidentical copies, and tangible things whether in documentary, machine readable, tangible, intangible, or other form.

5.2. The term "Confidential Information" shall mean any information that has been so designated as hereinabove provided by the disclosing party, and disclosure of which as part of the public record of this litigation, or use of which by the receiving party in a manner unrelated to the prosecution or defense of this litigation, presents a material and substantial risk of damage to the competitive position of the disclosing party in the marketplace, including but not limited to, financial data, business plans and strategies, business operations and systems, marketing techniques and materials, price lists and policies, trade secrets, samples, patents, copyrights, technical data, drawings, descriptions, inventions (whether or not patentable), technology, formulae, plans, research subjects, methods and results or any other material related thereto provided. Notwithstanding any provision in the previous sentence to the contrary, as used herein, "Confidential Information" shall not include any information or data which is: (i) already

in the possession of the receiving party without an obligation of confidentiality; (ii) publicly known through no fault of the receiving party; (iii) obtained by the receiving party from a third party who did not owe the disclosing party a duty to preserve its confidentiality; (iv) approved in writing for release by the receiving party or not designated as Confidential Information or Highly Confidential by the disclosing party; (v) proven by written evidence to have been independently developed by the receiving party without reference to the Confidential Information; or (vi) required to be disclosed by a court (including this Court).

5.3. The term "Highly Confidential" shall mean information that is Confidential Information and that has been so designated as Highly Confidential by the disclosing party, and disclosure of which to any person other than the persons identified as those to whom such information may be disclosed pursuant to this Order presents a substantial risk of unfair competition against the disclosing party.

6. If a party, through mistake, inadvertence, or excusable neglect, discloses Confidential or Highly Confidential Information without designating such information as Confidential or Highly Confidential, in accordance with the provisions of this Order, that party may serve written notice upon the receiving party that such information so produced is Confidential or Highly Confidential, as the case may be, and should be treated as such in accordance with the provisions of this Order. Upon receipt of such written notice, the receiving party shall treat such information as Confidential or Highly Confidential Information from the date such notice is received. Disclosure by the receiving party, prior to the receipt of such notice, of such information to persons not authorized to receive Confidential or Highly Confidential Information shall not be deemed a violation of this Order; provided, however, that the receiving party shall notify the other party in writing, and to the best of the receiving party's

knowledge, of all such persons to whom such any disclosure of Confidential or Highly Confidential Information was made prior to receipt of such notice.

7. Any party may designate the deposition of such party, or any portion thereof, or any exhibit introduced at such deposition of such party, as Confidential or Highly Confidential by noting such a designation on the record at such deposition, or in a written designation served on counsel for the party conducting the deposition up to fifteen (15) days after receipt of the deposition transcript by the party deposed. In the event that a party shall designate a deposition, or any part thereof, as Confidential or Highly Confidential, before or during such deposition, all persons who, by virtue of the terms of this Order, do not have access to such Confidential or Highly Confidential Information shall be excluded from attendance at such deposition or at the portion or portions of the deposition at which such Confidential or Highly Confidential Information will be disclosed.

8. In the event that, in connection with any proceeding in this litigation, any receiving party intends to disclose Confidential or Highly Confidential Information to any witness or other person to whom such disclosure is not authorized under this Order, and if such person has not signed an Undertaking of Confidentiality prior to such disclosure, such party intending such disclosure shall first give the other party reasonable notice of such intention, and a reasonable opportunity to seek an appropriate protective order from the Court as to such disclosure.

9. Any paper, document, exhibit, or thing that has been designated "Confidential" or "Highly Confidential" Information which is to be filed with or submitted to the Court shall be filed in a sealed envelope or otherwise appropriately enclosed and prominently marked with the caption of the case and the notation "Confidential, Subject to Confidentiality Order. To be opened only by or as directed by the Court."

10. Nothing herein shall prevent disclosure of Confidential or Highly Confidential Information if the party designating the information as Confidential or Highly Confidential Information consents to such disclosure or if the Court, after notice to the parties, orders such disclosure.

12. In the event of a dispute with respect to the designation of any information as Confidential or Highly Confidential Information, the parties (or, with respect to Highly Confidential Information, counsel for the parties) shall endeavor in good faith to resolve their dispute on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from the Court. Any party hereto may seek relief from, or modification of, this Order, and may challenge the designation of any document, thing or testimony as Confidential or Highly Confidential Information.

12. It is not the intention of this Order to address any objections to discovery on grounds other than those associated with the protection of the parties from disclosure of trade secrets or other confidential research, development, or commercial information. The parties reserve their respective rights to object to the production of information on other grounds and to attempt to compel the production of any withheld information. Further, this Order shall not constitute an agreement to produce Confidential Information if doing so not required by the applicable rules of discovery.

13. The failure of a party to object to the designation of any document, thing or testimony as Confidential or Highly Confidential shall not be construed as an admission or an agreement that the designated document, thing or testimony contains or discloses any Confidential or Highly Confidential Information. No person shall be obligated to challenge the propriety of any such designation at the time it is made, and any failure to do so at such time shall not preclude a subsequent challenge as to such designation.

14. Documents and things designated as containing Confidential or Highly Confidential Information and any copies or extracts thereof shall be retained in the custody of counsel for the parties during the pendency and after the conclusion of this action (and any appeal taken from any judgment entered herein) except as reasonably necessary to provide access to persons authorized under the provisions of this Order.

The terms of the foregoing Confidentiality Order are approved and hereby are entered as an ORDER of this Court on this 4th day of August, 2005.

ENTER: PER ORDER:

Mary M. Lisi
USDJ

Barbara Barletta

# EXHIBIT A

## UNDERTAKING OF CONFIDENTIALITY

I have been asked or retained by ___________________________ to serve as an expert witness or otherwise provide testimony in the matter of *Colibri Corporation v. Merit Diamond Corporation,* C.A. No. 04-397 ML, an action now pending before the United States District Court for the District of Rhode Island. I have read and I hereby agree to comply with and abide by the CONFIDENTIALITY ORDER entered by the Court in this action, including without limitation the restriction that all Confidential Information disclosed or received in this matter in whatever form shall be used solely for purposes of the litigation or any other action arising from or based upon the information disclosed and for no other purpose whatsoever, and shall not be used or disclosed other than as provided in the CONFIDENTIALITY ORDER.

Signature: ______________________________
Name: ______________________________
Address: ______________________________
______________________________
Date: ______________________________