**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| COLIBRI CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MERIT DIAMOND CORPORATION,<br><br>Defendant. | C.A. No. 04-397 ML |

**COLIBRI CORPORATION'S MEMORANDUM IN OPPOSITION TO MERIT DIAMOND CORPORATION'S MOTION TO COMPEL**

Plaintiff Colibri Corporation ("Colibri"), through counsel, submits the following memorandum of law in opposition to Merit Diamond Corporation's ("Merit") Motion to Compel Discovery.

Merit argues that Colibri has selectively waived its attorney client privilege by disclosing communications with its trademark counsel relating to Colibri's selection of the trade name Serena in late 2003, while refusing to disclose communications with counsel after Merit issued a cease and desist letter dated August 24, 2004. It is well-established, however, that the disclosure of attorney-client communications constitutes a waiver only as to other communications regarding the same subject matter. Colibri's disclosure of attorney-client communications on the subject of selecting the Serena name did not waive Colibri's privilege on the subject of how to respond to Merit's cease and desist letter.

**Background Facts**

In late 2003, Colibri and its outside marketing consultant developed a list of potential names for a new line of sterling silver, 18 karat gold and semi-precious stone jewelry. One of the potential names identified was Serena. Colibri contacted its trademark counsel, Salter

& Michaelson of Providence, Rhode Island, to determine whether the name Serena presented any trademark issues. Salter & Michaelson advised Colibri that the name was available and filed a notice of intention to use the name on October 31, 2003. Colibri began to use the name in commerce in the spring of 2004. Merit Exhibit F, Interrogatory Answers No. 1 and 2. On or about June 1, 2004, the U.S. Trademark Office advised Colibri that it "has searched the Office records and has found no similar registered or pending mark which would bar registration." Exhibit 1, attached hereto.

Colibri first learned of Merit's use of the trade name Sirena for a diamond and gold jewelry line at a Las Vegas trade show in June, 2004. Colibri had Serena promotional materials and samples on display at the trade show. Merit's president, Abraham Kaplan, approached Colibri's booth on the last day of the trade show and told the Colibri representative about Merit's Sirena line. Mr. Kaplan also told the Colibri representative that he did not think that Colibri's use of the name Serena was a problem because the two companies' jewelry lines are so different. Merit Exhibit H ("He didn't think it was a big deal but said you may have a problem registering the name.").

Over two months later, however, Merit's New York lawyers sent Colibri a cease and desist letter dated August 24, 2004. Merit Exhibit A. Colibri filed this declaratory judgment action on September 9, 2004. Although Colibri agreed to stop using the Serena name as of the end of 2004, Merit has opted to continue litigating its trademark infringement claim.

**Argument**

Merit propounded written discovery on Colibri asking for information relating to Colibri's selection of the trade name Serena. *See* Merit Exhibit F, Interrogatory No. 1 ("Identify when and by what means Colibri came to adopt use of 'Serena," 'Serena Collection," and the Disputed Designs."). In response, Colibri described the selection process that lead to Colibri's

beginning to use the name Serena in the spring of 2004. *See id.,* Answer No. 1. Colibri also produced documents relating to that selection process, including communications with Colibri's trademark counsel. Colibri allowed Merit to examine witnesses, including Colibri's trademark counsel, about the steps that Colibri took in selecting the name Serena. Thus, Colibri has allowed full disclosure of facts relating to this subject matter.

Merit is now asking for disclosure of attorney-client communications about a different subject matter: Colibri's response to the August 24, 2004 cease and desist letter from Merit's New York lawyers. Colibri's disclosure of communications with its trademark counsel relating to its selection of the name Serena did not waive the privilege for communications relating to Merit's potential trademark rights arising from Merit's use of the name Sirena.

It is well-established that a disclosure of attorney-client communications may waive the privilege as to other communications on the same subject matter. *In re Keeper of Records*, 348 F.3d 16, 24 (1st Cir. 2003) (when advice of lawyer is put in issue "communications embodying the subject matter of the advice typically lose protection"); *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) ("The waiver covers any information directly related to that which was actually disclosed."). The rationale behind this rule is to prevent parties from disclosing only helpful communications on the subject, while withholding unhelpful ones. *See In re von Bulow*, 828 F.2d 94, 101-02 (2d Cir. 1987). Here, Colibri has not withheld any communications relating to its selection of the name Serena, and there is no need to require further disclosures in order to permit a searching inquiry into the truthfulness of the facts presented. Therefore, the policy underlying the subject matter waiver rule has been satisfied.

Merit is not entitled to invade Colibri's attorney-client relationship to satisfy its curiosity about Colibri's decision to file this declaratory judgment action or its litigation strategy in general. The mere fact that Colibri has disclosed that it consulted with counsel regarding

Merit's claims in the cease and desist letter does not justify discovery into the substance of those consultations. *See Mortgage Guarantee & Title Co. v. Cunha*, 745 A.2d 156, 160 (R.I. 2000) ("'[i]f admitting that one relied on legal advice in making a legal decision put the communications relating to the advice at issue, such advice would be at issue whenever the legal decision was litigated'") (quoting *Metropolitan Life Insurance Co. v. Aetna Casualty & Surety Co.*, 730 A.2d 51, 61 (Conn. 1999)).

Colibri has not raised an "advice of counsel" defense. Instead, it has provided factual information regarding how the Serena name was selected. By doing so, Colibri did not waive the privilege for communications with counsel on the separate and distinct subject of how to respond to Merit's trademark claims.

For all of the foregoing reasons, Merit's motion to compel discovery should be denied.

COLIBRI CORPORATION

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: October 26, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing COLIBRI CORPORATION'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MERIT DIAMOND CORPORATION'S MOTION TO COMPEL was mailed, postage prepaid, on this 26th day of October, 2005 to:

J. Richard Ratcliffe, Esq.
Ratcliffe Burke Harten & Elias LLP
1600 Financial Plaza
Providence, RI 029033

David J. Molton, Esq.
Brown, Rudnick, Berlack & Israel
7 Times Square
New York, NY 10005

824203_1/7588-37