IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COLIBRI CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA 04-397 (MML) |
| | ) | |
| MERIT DIAMOND CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MERIT DIAMOND CORPORATION'S MOTION TO COMPEL DISCOVERY**

Merit Diamond Corporation submits this reply memorandum in response to Colibri Corporation's opposition to Merit's motion to compel. Colibri attempts to draw an arbitrary line in the sand to justify its selective disclosure of attorney-client communications by designating Merit's August 24, 2004 cease and desist letter as a momentous event triggering the right to selectively withhold attorney-client communications. Colibri is unable to cite precedent where a Court upheld partial disclosure of attorney-client privileged communications. This is because selective disclosure operates as subject matter disclosure, prohibiting the disclosing party from using the attorney-client privilege as both a sword and a shield. *XYZ Corporation v. United States*, 348 F.3d 16, 24 (1st Cir. 2003).

Colibri misplaces its reliance on the cases cited in its brief. *Mortgage Guarantee & Title Co. v. Cunha*, 745 A.2d 156 (R.I. 2000), does not support Colibri's attempt to selectively disclose the substance of its attorney-client communications. In *Cunha,* the sole basis for seeking disclosure of privileged communications was the mere assertion of a claim for attorneys' fees. The Rhode Island Supreme Court refused to waive attorney-client privilege based upon

mere inclusion of attorneys' fees in a claim for damages, while expressly recognizing the well established principle that the attorney-client privilege is implicitly waived where a party puts an attorney-client communication at issue in a case. The Court delineated three specific means whereby a party might waive attorney-client privilege regarding otherwise privileged communications:

> The contents of the [attorney-client] communication is integral to the outcome of the litigation in situations where a party specifically pleads, as an element of the claim, his or her reliance on an attorney's advice, **or voluntarily testifies regarding portions of the actual advice contained in the communications, or places in issue the nature of the attorney client relationship during the course of the litigation.** In those cases, we are satisfied that a party has waived the right to confidentiality by placing the content of the communication directly in issue and "the issue cannot be determined without an examination of that advice. *Cunha*, 745 A.2d at 159.

Colibri has waived privilege based upon two of the three grounds for waiver. While Colibri did not specifically plead an "advice of counsel" defense, its continued reliance on the advice of counsel defense during discovery responses, including the selective disclosure of the substance of the attorney-client communications during depositions, places the "actual content of the attorney-client communications in issue such that the information is actually required for the truthful resolution of the issues raised in this controversy." *Cunha*, 745 A.2d at 160; *Metropolitan Life Ins. Co. v. Aetna Casualty & Surety Co.,* 730 A.2d 51 (Conn. 1999).

This case does not present a situation where attorney-client communications are merely referenced without a substantive disclosure. Colibri has repeatedly testified, through its employees, that is took the very actions necessitating this litigation based upon advice it received from its patent and trademark counsel. Colibri discusses the substance of conversations with

counsel in its answers to interrogatories, stating "***in consultation with counsel***, [Colibri] decided to continue using the Serena name ***on the grounds*** that the U.S. Trademark Office had published the Serena mark for comment and there is no likelihood of confusion." [emphasis supplied].

Colibri further mis-characterizes allegedly privileged documents as pertaining only to communications after August 24, 2004. In fact, some of redacted documents which Colibri continues to assert as privileged communications are dated before August 24, 2004, but after the JCK Las Vegas trade show where Colibri was informed of Merit's Sirena trade name. See ***Exhibit A.*** These earlier documents support Merit's contention that Colibri's decision to selectively disclose communications is not based on the August 24, 2005 cease and desist letter, but rather on whether Colibri considers the information disclosed as advantageous to their defense of Merit's claims.

WHEREFORE, Merit Diamond Corporation respectfully requests that this Honorable Court grant its Motion to Compel Further Discovery. Merit requests that Colibri be ordered to produce **all documents** in unredacted form, including the documents contained on Colibri's Privilege Log. Additionally, the deponents who have on the basis of attorney-client privilege refused to answer questions pertaining to counsel's role in the decision to continue using the Serena name and marketing the Disputed Design after receipt of the cease and desist letter should be compelled to answer deposition questions pertaining to these issues.

MERIT DIAMOND CORPORATION

By: [signature]
J. Richard Ratcliffe #2603
RATCLIFFE BURKE HARTEN & ELIAS LLP
Counsel for Defendant
1600 Financial Plaza
Providence, Rhode Island 02903
Telephone: 401.331.3400
Facsimile: 401.331.3440

Of counsel:

David J. Molton, Esq. (DM-1106)
*pro hac vice*
Counsel for Defendant
BROWN RUDNICK BERLACK ISRAELS LLP
7 Times Square
New York, NY 10036
Telephone: 212.704.0100
Facsimile: 212.704.0196

**CERTIFICATION**

I hereby certify that on the 2nd day of November, 2005, a true and accurate copy of the within was ~~mailed, postage prepaid,~~ hand-delivered to:

Steven E. Snow, Esq.
Robert K. Taylor, Esq.
Partridge, Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903

[signature]