UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

COLIBRI CORP. :
:
v. : C.A. No. 04-397ML
:
MERIT DIAMOND CORP. :
:

## MEMORANDUM AND ORDER

Before the Court is Defendant Merit Diamond Corporation's Motion to Compel Discovery. (Document No. 54). Plaintiff Colibri Corporation has objected to the Motion. (Document No. 55) The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on November 9, 2005. After reviewing the memoranda filed by the parties, listening to the arguments of counsel, and performing independent research, the Motion to Compel Discovery (Document No. 54) is DENIED for the reasons set forth below.

This is a trademark dispute concerning Plaintiff's "Serena" line of jewelry, and Defendant's "Sirena" line of jewelry. In this Motion, Defendant claims Plaintiff has impliedly waived the attorney-client privilege by disclosing certain privileged communications.

Plaintiff does not dispute that it disclosed privileged information concerning the process of selecting the name Serena, however, Plaintiff contends that its limited disclosure of information on that subject matter does not waive the attorney-client privilege as to any issue other than its name selection process. Defendant, on the other hand, argues that Plaintiff is not entitled to selectively disclose privileged information, and should therefore be compelled to produce all unredacted documents and to complete depositions concerning privileged communications on issues other than merely the name selection process.

In support of its argument that Plaintiff waived the entire attorney-client privilege, Defendant argues that Plaintiff relied on the defense of "advice of counsel," and that its answer to Interrogatory Number 14 (Def.'s Ex. F) which states that certain decisions were made "in consultation with counsel," are evidence of a waiver. Defendant, however, simply has not persuaded the Court that Plaintiff has broadly waived its attorney-client privilege.

It is well established that a deliberate waiver of the attorney-client privilege by a party typically waives the privilege as to other communications on the same issue. See In re Keeper of Records, 348 F.3d 16, 24 (1st Cir. 2003) (when attorney-client communications are disclosed, "communications embodying the same subject matter of the advice typically lose protection.") A waiver of the privilege as to one subject matter, however, does not eviscerate the privilege completely. In this case, Defendant claims that the Court should imply a waiver as to other issues and subject matters. However, this Court must be "cautious" in evaluating a claim of implied waiver, and evaluate the claim "in light of principles of logic and fairness." Id. at 23. Based on the facts and arguments, logic and fairness do not weigh in favor of a finding of implied waiver as to all communications.

First, Plaintiff's counsel represented to the Court that it has fully disclosed all materials concerning the subject matter of the selection of the name Serena. Therefore, the Court is satisfied that Plaintiff is not withholding as privileged any potentially damaging information on that subject matter. Moreover, the Court has reviewed Exhibit C to Defendant's Motion (the Plaintiff's privilege log) and, based on the privilege log, it appears the only documents withheld are those that post-date the June 2004 trade show at which representatives of Merit Diamond Corp. informed Colibri Corp. of the similarity in names. Second , Defendant's argument that Plaintiff waived the privilege by

answering in Interrogatory No. 14 that it made certain decisions in consultation with counsel, is simply insufficient evidence upon which to find any waiver of the attorney-client privilege. Plaintiff's response to Interrogatory No. 14 does not disclose any privileged communications, and the reference to counsel is simply a factual response to the Interrogatory which asks Plaintiff to identify "all individuals" who were involved with the review and reaction to the August 2004 cease and desist letter.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Compel Discovery (Document No. 54) is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
November 15, 2005